EFILED IN OFFICE
CLERK OF SUPERIOR COURT
WALTON COUNTY, GEORGIA

**SUCV2022001113**

W. KENDALL WYNNE, JR
JUL 22, 2022 03:05 PM

Karen P David, Clerk
Walton County, Georgia

IN THE SUPERIOR COURT OF WALTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| LYNN BROOKS and BETSY BROOKS,<br><br>PLAINTIFFS,<br><br>v.<br><br>AK CREATION, LLC, EDWARD BETHEA, and PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY,<br><br>DEFENDANTS. | CIVIL ACTION FILE NO.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COME NOW, Plaintiffs in the above-styled action, and hereby file this Complaint, demanding a jury trial and showing this Honorable Court the following:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiffs are residents of the State of Georgia.

2.

Defendant AK Creation, LLC (hereinafter "AK Creation") is a North Carolina company and may be served with process through its registered agent, Alexis James, 1105 24th St NE, Hickory, NC 28601.

3.

Defendant AK Creation is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91 because it transacts business in Georgia and the tort occurred in Georgia.

4.

Venue in Walton County is proper as to AK Creation pursuant to O.C.G.A. § 40-12-3.

5.

Defendant Edward Bethea is citizen and resident of the state of South Carolina and may be served with process at his place of residence, 407 Clarendon St., Orangeburg, SC 29115.

6.

Defendant Bethea is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91 because the tort occurred in Georgia.

7.

Venue in Walton County is proper as to Defendant Bethea pursuant to O.C.G.A. § 40-12-3.

8.

Defendant Progressive Southeastern Insurance Company (hereinafter "Progressive") is a foreign company authorized to transact business in Georgia and may be served with process through its registered agent, CT Corporation System, 289 South Culver St., Lawrenceville, GA 30046.

9.

Progressive is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91 because it is a nonresident corporation that transacts business within Georgia. Progressive is properly named and may be properly joined in this action pursuant to O.C.G.A. § 40-2-140(d)(4) and O.C.G.A. § 40-1-112(c) and any other applicable law.

10.

Venue is proper as to Progressive in Walton County pursuant to O.C.G.A. § 33-4-1(2).

11.

This Court has subject matter jurisdiction of this action.

**FACTS**

12.

Plaintiffs incorporate the allegations contained in all previous paragraphs.

13.

On March 5, 2022, Plaintiff Lynn Brooks was driving north on Christmas Avenue in Barrow County, Georgia near Christmas Avenue's intersection with University Parkway. While Plaintiff was crossing the intersection of Christmas Avenue and University Parkway, Defendant Bethea ran a red light and struck Plaintiff's vehicle.

14.

AK Creation owned and maintained the truck operated by Defendant Bethea.

15.

AK Creation failed to properly maintain the truck's brakes system, as the brakes were out of service at the time of the collision.

16.

At all times material to this case, Defendant Bethea was an employee or agent of AK Creation and was acting within the course and scope of his employment or agency.

17.

At all times material to this case, Defendant Progressive provided liability insurance for AK Creation and its employee or agent Defendant Bethea.

18.

As a result of the collision, Plaintiff Lynn Brooks suffered injuries and damages.

19.

At all relevant times to this action, Plaintiffs were married to each other.

**DEFENDANT BETHEA**

20.

Plaintiffs incorporate the allegations contained in all previous paragraphs.

21.

Defendant Bethea owed a duty of care to the motoring public in general, and to Plaintiffs in particular, to operate the AK Creation truck in a reasonable and prudent manner and to adhere to the pertinent Rules of the Road for the State of Georgia.

22.

Defendant Bethea breached this duty in several ways, including, but not limited to, the following:

- Violating Georgia and Federal Motor Carrier Safety Regulations, the violation of each which constitutes negligence per se;
- Failing to operate the AK Creation truck in compliance with industry standards and practices for both driving and pre-trip inspections; and
- Failing to operate the AK Creation truck in a reasonable and prudent manner and by failing to adhere to the pertinent Rules of the Road for the State of Georgia.

23.

Defendant Bethea's negligence proximately caused Plaintiffs' injuries and damages.

24.

Defendant Bethea is liable to Plaintiffs for all recoverable damages.

**DEFENDANT AK CREATION**

25.

Plaintiffs incorporate the allegations contained in all previous paragraphs.

26.

At all times material to this case, Defendant Bethea was an employee or agent of AK Creation and was acting within the course and scope of his employment or agency.

27.

Under the principles of respondent superior, actual agency, apparent agency, and/or lease liability, AK Creation is vicariously liable for the negligent acts and omissions of Defendant Bethea which led to the injuries of Plaintiff Lynn Brooks.

28.

As a direct and proximate result of the negligence of Defendant Bethea, for which AK Creation is liable, Plaintiff suffered injuries and damages.

29.

AK Creation also had a duty to properly inspect, maintain, and repair its trucks, specifically the truck involved in this collision, to protect the safety of the motoring public.  This duty is pursuant to Georgia regulations, the Federal Motor Carrier Safety Regulations, and industry standards and practices.

30.

AK Creation breached this duty by failing to properly inspect, maintain, and repair the AK Creation truck that was involved in the subject collision.  The AK Creation truck in question should have never been on the road on March 5, 2022 due to its poor condition in multiple parts of the truck, including but not limited to the brakes.

31.

As a direct and proximate result of the negligence of Defendant AK Creation, Plaintiff suffered serious injuries and damages.

32.

AK Creation is liable to Plaintiffs for all recoverable damages.

**DEFENDANT PROGRESSIVE**

33.

Plaintiffs incorporate the allegations contained in all previous paragraphs.

34.

Progressive provided liability coverage to AK Creation in the event of a motor vehicle collision involving an AK Creation truck and AK Creation's employees and/or agents, including Defendant Bethea.

35.

Plaintiffs are third-party beneficiaries under said contract or policy of insurance.

36.

Plaintiffs are entitled to receive payments from Progressive for the tort liability of AK Creation and its employees or agents, including Defendant Bethea pursuant to O.C.G.A. § 40-2-140(d)(4).

**PUNITIVE DAMAGES**

37.

Plaintiffs incorporate the allegations contained in all previous paragraphs.

38.

The actions of Defendant Bethea were willful, wanton, and demonstrated that entire want of care which raises the presumption of a conscious indifference to consequences pursuant to O.C.G.A. § 51-12-5.1.

39.

Accordingly, Defendant Bethea is liable to Plaintiffs for punitive damages pursuant to O.C.G.A. § 51-12-5.1 to punish, penalize, and deter Defendant Bethea from similar conduct in the future.

40.

At all relevant times, AK Creation was subject to the Georgia and Federal Motor Carrier Safety Regulations and industry standards and practices.

41.

AK Creation had certain duties imposed by the Georgia and Federal Motor Carrier Safety Regulations and industry standards and practices in connection with the hiring, retention, training, and supervision of its drivers, including Defendant Bethea.

42.

As a direct and proximate result of AK Creation's breach of these duties imposed by Georgia and Federal Motor Carrier Safety Regulations and industry standards and practices in connection with the hiring, retention, training, and supervision of its drivers, the violation of which constitutes negligence per se, Plaintiffs suffered serious injuries and damages.

43.

Because the breach of these duties by AK Creation was willful, wanton, and demonstrated that entire want of care which raises the presumption of a conscious indifference to consequences pursuant to O.C.G.A. § 51-12-5.1, AK Creation is liable to Plaintiff for punitive damages to punish, penalize, and deter AK Creation from similar conduct in the future.

44.

AK Creation also had certain duties imposed by Georgia regulations, Federal Motor Carrier Safety Regulations, and industry standards and practices regarding the inspection, maintenance, and repairs of its trucks, specifically the AK Creation truck involved in the collision.

45.

Because the breach of these duties referenced in Paragraph 44 was willful, wanton, and demonstrated that entire want of care which raises the presumption of a conscious indifference to consequences pursuant to O.C.G.A. § 51-12-5.1, AK Creation is liable to Plaintiffs for punitive damages to punish, penalize, and deter AK Creation from similar conduct in the future.

**BAD FAITH DAMAGES PURSUANT TO O.C.G.A. § 13-6-11**

46.

Plaintiffs incorporate the allegations contained in all previous paragraphs.

47.

Plaintiffs are entitled to attorneys' fees and expenses of litigation in that the actions on the part of Defendants Bethea and AK Creation show that Defendants acted in bad faith and have caused Plaintiffs unnecessary trouble and expense due to the transactions and dealings surrounding the negligent hiring, training, and retention of Defendant Bethea and the failure to inspect, maintain, and repair the AK Creation truck that was involved in the collision with Plaintiff.

**DAMAGES CLAIMED**

48.

Plaintiffs incorporate the allegations contained in all previous paragraphs.

49.

Plaintiffs were at all times relevant to this cause of action married to one another at the time of the collision on March 5, 2022 and remain married to each other.  As such, Plaintiff Betsy Brooks has a derivative claim, pursuant to Georgia law, for the loss of society, companionship, love, affection, aid, and services due to injuries suffered by Lynn Brooks due to the Defendants' negligence.

50.

All of the damages claimed by Plaintiffs were proximately caused by the tortious acts and omissions of Defendants, for which Defendants are liable.

51.

Plaintiffs seek damages from Defendants for all elements of damages allowed by Georgia law.  Plaintiffs' damages sought include the following:

- Special Damages;
- Loss of Consortium Damages;
- Punitive Damages;
- Bad Faith Damages pursuant to O.C.G.A. § 13-6-11;
- Past, present, and future mental and physical pain and suffering endured because of the motor vehicle collision;
- Lost Earning Capacity;
- Past, present, and future loss of enjoyment of life; and
- Any other damages allowed by Georgia law.

**PRAYER FOR RELIEF**

Plaintiffs respectfully request:

- That process be issued, and the Defendants be served as provided by Georgia law;

- Trial by a jury of 12;

- Judgment be awarded to Plaintiffs and against Defendants;

- Plaintiffs be awarded damages in amounts to be shown at trial; and

- Plaintiffs have such other relief as this Court deems just and appropriate.

This 22nd day of July, 2022.

                                            **BENTON & BENTON, LLC**

                                            */s/ Bartlett Benton*
                                            Bartlett Benton
                                            Georgia Bar No. 818459
                                            Eugene Benton
                                            Georgia Bar No. 053425

218 Alcovy Street
Monroe, Georgia 30655
Phone: (866) 974-0330
Fax: +1 (678) 345-3325
bart@bentonandbentonlaw.com
gene@bentonandbentonlaw.com

                                            **FLETCHER LAW, LLC**

                                            */s/ Jason Fletcher*
                                            Jason Fletcher
                                            Georgia Bar No. 863844

320 East Clayton Street
Suite 408
Athens, Georgia 30601
Phone: (762) 499-2966
attorneyjasonfletcher@outlook.com