# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| LYNN BROOKS AND BETSY BROOKS ) ) ) Plaintiff, ) ) vs. ) ) AK CREATION, LLC, EDWARD ) BETHEA, and PROGRESSIVE ) SOUTHEASTERN INSURANCE ) COMPANY, ) ) Defendants. ) | Civil Action File No.: 3:22-cv-00103-CDL |

### DEFENDANT AK CREATION LLC'S BRIEF IN SUPPORT OF DEFENDANT AK CREATION LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO PLAINTIFFS' CLAIMS FOR PUNITIVE DAMAGES AND BAD FAITH DAMAGES

COMES NOW, Defendant AK Creation, LLC (hereinafter, "Defendant AK"), and pursuant to Fed. R. Civ. P. 56 and L.R. 56, MDGA, hereby file *Defendant AK Creation's Brief in Support of Motion for Partial Summary Judgment as to Plaintiffs' Claims for Punitive Damages and Bad Faith Damages* respectfully requesting this Court enter partial judgment in Defendant AK's favor and against Plaintiffs Lynn Brooks and Betsy Brooks as to Plaintiffs' Claims for Punitive Damages and Bad Faith Damages, showing the Court as follows:

I.    **Statement of Undisputed Facts**

This case arises out of a motor vehicle T-bone style accident that occurred on March 5, 2022 after the brakes on Defendant's truck allegedly failed (hereinafter, "the subject incident" or "incident"). (Doc 1-2 at ¶ 13). Involved in the subject incident were vehicles driven by Defendant Bethea and Plaintiff Lynn Brooks as they were traveling near the intersection of University Parkway and Christmas Avenue in Barrow County, Georgia. (Doc 1-2 at ¶ 13). Plaintiff Betsy Brooks is the wife of Plaintiff Lynn Brooks, who upon information and belief, makes claims of loss of consortium. (Doc. 1-2 at ¶ 19). Plaintiff Lynn Brooks and Plaintiff Betsy Brooks (hereinafter, "Plaintiffs") claim that Defendant Bethea was negligent in failing to operate his vehicle in a reasonable and prudent manner, allegedly causing Plaintiff personal injuries. (Doc 1-2 at ¶¶ 21-23). Plaintiffs included Defendant AK as a defendant based on a theory of vicarious liability as Defendant Bethea was operating his vehicle in the course and scope of his employment with Defendant AK at the time the subject accident occurred. (Doc. 1-2 at ¶¶ 26-32). Plaintiffs also brought punitive damages claims against Defendant AK based on a theory of negligent hiring, retention, training, and supervision, (Doc 1-2 at ¶¶ 41-43), and on a theory of failure to maintain, inspect, and repair the subject vehicle. (Doc 1-2 at ¶¶ 44-45).

On the day of the incident giving rise to this lawsuit, Defendant Bethea maintained a valid CDL license with no restrictions. (Edward Bethea Deposition, P. 8 LL 19-20; P.31 LL 8-9, attached herein as "Exhibit A"). Defendant Bethea was hired upon recommendation of at trusted advisor, and after an application and interview. (Alexis Deposition, P. 20 LL 10-25; P. 21 LL 1-25; P. 22 LL 1-4, attached herein as "Exhibit C"). Prior to Defendant Bethea's employment with Defendant AK, Defendant AK received Defendant Bethea's motor vehicle report, which displayed a single prior motor vehicle collision that occurred in his personal vehicle. (Edward Bethea Deposition, P. 19 LL 22-25; P. 20 LL 1-2, attached herein as "Exhibit A"). Finding nothing in Defendant Bethea's background or driver history that would disqualify him from driving for Defendant AK, Defendant Bethea was hired. Defendant AK provided Defendant Bethea with training and instruction, including a safety booklet, "which stayed in the truck at all times." (Edward Bethea Deposition, P. 27 LL 23-25; P. 28 LL 1-4, attached herein as "Exhibit A").

In compliance with the Federal Motor Carrier Safety Regulations ("FMCSRs"), Defendant AK completed an annual vehicle inspection of the vehicle driven by Defendant Bethea in the subject incident on March 2, 2022, three (3) days prior to the subject collision. (March 2, 2022 Annual Vehicle Inspection, attached herein as "Exhibit B"). Per the inspection report, the subject vehicle "passed all the

inspection items for the annual vehicle inspection in accordance with 49 CFR PART 396." *Id*. As a result of the subject vehicle's passing status, the vehicle was deemed safe and roadworthy. No repairs or maintenance were identified or deemed necessary in the three (3) days leading up to the Incident. (Alexis James Deposition, P. 48 LL 24-25; P. 49 LL 1-11, attached herein as "Exhibit C"). On the date of the incident, Defendant Bethea completed a pre-trip inspection of the subject vehicle, as he did on a daily basis when he drove, and did not find anything wrong with the vehicle. (*See* Edward Bethea Deposition, P. 35 8-21, attached herein as "Exhibit A").

Despite the above facts, Plaintiffs claim that "Defendant AK Creation is liable to Plaintiffs for punitive damages to punish, penalize, and deter AK Creation from similar conduct in the future." (Doc 1-2 at ¶¶ 43, 45). Furthermore, Plaintiffs claim that "the actions of Defendant Bethea were willful, wanton, and demonstrated the entire want of care which rise to the presumption of a conscious indifference to consequences pursuant to O.C.G.A. § 51-12-5.1," and "Defendant Bethea is liable to Plaintiffs for punitive damages." (Doc 1-2 at ¶ 38-39). Plaintiffs, additionally, allege that they are entitled to attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11. (Doc 1-2 at ¶ 47). However, there is no evidence in the record supporting Plaintiff's bald assertion that Defendant AK's actions were willful, wanton, or demonstrate a conscious indifference to consequences.

II.     **Argument and Citation to Authority**

a.  **Standard for Summary Judgement**

To prevail on a motion for summary judgment the moving party must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The U.S. Supreme Court has explained that Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Viewing the evidence in the light most favorable to the non-moving party, the trial court is to determine whether there are any material issues in dispute sufficient to raise a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). "As to materiality, the substantive law will identify which facts are material." *Liberty Lobby, Inc.*, 477 U.S. at 248. The non-moving party must then show the existence of a material fact. But, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citations omitted).

### b. Punitive Damages Standard

When federal courts are sitting in diversity jurisdiction, the substantive law of the state in which the action could have been brought applies. *Esfeld v. Costa Crociere, S.P.A.*, 289 F.3d 1300, 1306 (11th Cir. 2002) (citing *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996)). Under Georgia law, punitive damages are only recoverable where "the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1(b). Such a claim can only be proved by "clear and convincing evidence". *Id.* The "demonstration, via the record, of a nonexistence of an issue of material fact in support of an essential element of Plaintiff's claim will suffice to 'disprove' such claim and discharge the Defendant's burden." *BBB Service Company. Inc. V. Glass*, 228 Ga. App. 423, 491 S.E.2d 870 (1997).

Georgia law is clear that punitive damages are not recoverable in the case of negligence—even gross negligence. *Lindsey v. Clinch Cty. Glass, Inc.*, 312 Ga. App. 534, 535 (2011). Georgia law is also clear that punitive damages are not recoverable unless there are "circumstances of aggravation and outrage." *MasTec N. Am., Inc. v. Wilson*, 325 Ga. App. 863, 866 (2014) (citing *Western Indus. v. Poole*, 280 Ga. App. 378, 380 (1) (2006)).

In the case of awarding punitive damages against an employer for its independent actions (as opposed to a derivative claim), a plaintiff must show by clear and convincing evidence the employer either "had actual knowledge of numerous and serious violations on its driver's record" or "flouted a legal duty to check a record showing such violations." *MasTec N. Am., Inc.*, 325 Ga. App. at 866 (citing Western Indus., 280 Ga. App. at 380). Furthermore, a mere traffic violation, without more, simply does not rise to the level of willful illegal behavior contemplated by O.C.G.A. § 51-12-5.1. *Lewis v. Suttles Truck Leasing. Inc.*, 869 F.Supp. 947 (S.D.Ga. 1994). Importantly, "violations of FMCSRs governing motor carriers – standing on their own – 'cannot be considered wanton or reckless and [are] therefore insufficient to meet the clear and convincing standard for punitive damages.'" *Battle v. Thomas*, 623 F. Supp. 3d 1312, 1325 (N.D. Ga. 2022), (citing *Clark v. Irvin*, No. 1:09-cv-101-WLS, 2011 WL 13152865, at *11 (M.D. Ga. May 31, 2011)). Here, there is no evidence supporting Plaintiffs' claims for punitive damages against Defendant.

> **c. Plaintiff has Failed to Establish by Clear and Convincing Evidence that Defendant AK's Actions Rose to the Level of Punitive Damages.**

Plaintiff has failed to show by clear and convincing evidence that Defendant AK engaged in any "willful misconduct, malice, fraud, wantonness, oppression, or

that entire want of care which would raise the presumption of conscious indifference to consequences."

Defendant AK was not negligent in hiring, retaining, training, or supervising Defendant Bethea. But even if it was negligent in doing so, which is denied, then it was just that – negligence – and not willful misconduct, malice, or entire want of care. Defendant Bethea was not hired without first obtaining important information about his background from a trusted advisor and completing an application and interview. (Alexis Deposition, P. 20 LL 10-25; P. 21 LL 1-25; P. 22 LL 1-4, attached herein as "Exhibit C"). The record shows that Defendant Bethea acquired his CDL license in 1999, maintained his CDL license when hired by Defendant AK, and his license had no restrictions at the time of the subject collision. (Edward Bethea Deposition, P. 8 LL 9-20; P. 31 LL 8-9, attached herein as "Exhibit A"). Defendant Bethea testified to being involved in only one motor vehicle collision prior to the subject incident, which occurred while in his personal vehicle. (Edward Bethea Deposition, P. 19 LL 22-25; P. 20 LL 1-2, attached herein as "Exhibit A"). Defendant AK received Defendant Bethea's motor vehicle report prior to his employment, confirming a single prior accident. (Edward Bethea Deposition, P. 18 LL 4-8; P. 19 LL 22-25; P. 20 LL 1-2, attached herein as "Exhibit A").

Additionally, the record also shows that Defendant AK provided Defendant

Bethea with training and instruction, including a safety booklet, "which stayed in the truck at all times." (Edward Bethea Deposition, P. 27 LL 23-25; P. 28 LL 1-4, attached herein as "Exhibit A"). Defendant Bethea also testified to completing a pre-trip inspection of the subject vehicle on the day of the subject collision, as he did on a daily basis when he drove. (Edward Bethea Deposition, P. 35 8-21, attached herein as "Exhibit A").

In *J.B. Hunt Transp.*, punitive damages were awarded against a trucking company because there was evidence that the company was a "habitual violator" of the hours of service rules, forcing its drivers to drive in excess of the legal amount of driving hours or risk being fired. 207 Ga. App. at 256. The defendant driver's logbooks and pre and post trip inspection reports were also destroyed by J.B. Hunt and it failed to produce the driver as a witness to explain the continuous swerving for ten miles. *Id*. at 257. Here, there is no evidence of habitual violations of any rules, and Plaintiff does not make such an allegation.

In *Battle*, defendants' motion for partial summary judgement against plaintiff's claim for punitive damages was granted, in part, because plaintiff failed to meet her burden of proof under the theory of negligent hiring, training, or supervision. *Battle v. Thomas*, 623 F.Supp.3d 1312, 1320-22 (2022). There, even though the trucking company "may not have conducted a background check…either

did not create or did not maintain [driver's] driver file…," punitive damages were not appropriate. *Id* at 1321. The Court, there, stated that plaintiff's only evidence relating to an award of punitive damages relates to the proximate cause of the collision, which was not sufficient for plaintiff to overcome summary judgement. *Id*. "A plaintiff can shoulder this burden of proof only by showing that an employer had actual knowledge of numerous and serious violations on its driver's record, or, at the very least, when the employer has flouted a legal duty to check a record showing such violations." *Id*. at 1320 (citing *Western Indus.*, 634 S.E.2d at 121).

In the instant case, there is no evidence that Defendant AK is a habitual violator of any of the FCMSRs. Nor is there any evidence on the record that Defendant AK had actual knowledge of numerous and serious violations on its driver's record. Rather, the only possible evidence on the record in support of Plaintiffs' claim for punitive damages on the theory of negligent hiring, training, or supervision is Defendant Bethea's involvement in a single prior motor vehicle collision. (Edward Bethea Deposition, P. 19 LL 22-25; P.20 LL 1-2, attached herein as "Exhibit A"). Defendant AK received and reviewed Defendant Bethea's motor vehicle report prior to his employment with Defendant AK and in no way flouted its legal duties in that regard. (Edward Bethea Deposition, P. 19 LL 22-25; P.20 LL 1-2, attached herein as "Exhibit A").

In *Glenn*, punitive damages were justified based on a theory of failure to inspect and/or repair its vehicle where the trucking company ordered its mechanics to make repairs with the full knowledge that the mechanics lacked the required tools. *Glenn McClendon Trucking Co. v. Williams*, 183 Ga. App. 508, 510 (1987). There, the defendant had repeatedly denied the mechanics' request to acquire the necessary tool. *Id*. The danger of not having the tool was that wheels would come off the truck. *Id*. The plaintiff was injured when the wheels separated from the truck shortly after the faulty repairs. *Id*.

In the instant case, there is no evidence offered by Plaintiff to support that Defendant AK acted in any way close to the trucking company in *Glen.* Defendant AK never received any reports of prior brake problems before the subject incident. (Alexis James Deposition, P. 43 LL 6-10, attached herein as "Exhibit C"). But even if it did receive complaints, Defendant AK conducted its annual inspection of the subject vehicle three (3) days prior to the subject collision, and the vehicle passed on all accounts. (March 2, 2022 Annual Vehicle Inspection, attached herein as "Exhibit B"). Accordingly, no further action was taken by Defendant AK Creation, LLC. To that end, Defendant AK testified, "I blame the inspection people for passing an inspection of my truck. …I hate that this happened; and like I said, if I was aware that the truck didn't pass inspection, then I could have took proper precautions. But

showing that it passed and everything cleared, I don't know if I would have did anything different." (Alexis James Deposition, P. 48 LL 24-25; P. 49 LL 1-11, attached herein as "Exhibit C").

Plaintiffs' argument is essentially one of *res ipsa loquitur*. However, just because it appears that the truck's brakes may have failed at the time of the accident does not automatically mean that Defendant AK was negligent, and it certainly does not mean that Defendant AK acted willfully or with a conscious indifference to the consequences. In fact, the evidence suggests the opposite, namely that Defendant AK was concerned about inspecting the vehicle (and did so) and took measures to ensure that its driver was "a good person, a good driver." (Alexis James Deposition, P. 26 LL 8-24, attached herein as "Exhibit C"). Such facts do not constitute "clear and convincing" evidence of a claim for punitive damages. Plaintiffs might argue that Defendant AK acted negligently, or perhaps were even grossly negligent in using the subject truck. However, negligence and even gross negligence (which are denied) cannot support a claim for punitive damages. Accordingly, Defendant AK requests that Plaintiffs' claims for punitive damages be dismissed.

### d. Plaintiffs' Claim for Attorney Fees under § 13-6-11 is Without Merit.

Pursuant to O.C.G.A. § 13-6-11, attorneys' fees may be recovered by a plaintiff if defendant has acted in bad faith, been stubbornly litigious, or has caused

the plaintiff unnecessary trouble and expense. The bad faith required to support award of statutory attorney's fees under Georgia law imports a dishonest purpose or some moral deceptiveness, and implies conscious doing of wrong, and means breach of known duty through some motive of interest or ill will. *See Powell Co. v. McGarey Grp., LLC*, 508 F. Supp. 2d 1202, 1220 (N.D.Ga. 2007).

However, recovery of attorneys' fees for stubborn litigiousness is not authorized where there is a bona fide controversy or dispute regarding liability for the underlying cause of action. *Fresh Floors v. Forrest Cambridge Apts.*, 257 Ga. App. 270, 271-72, 570 S.E.2d 590 (2002); *Bayliner Marine Corp. v. Prance*, 159 Ga. App. 456, 461 283 S.E.2d 676 (1981).

In the instant case, Plaintiffs point to no specific facts other than what is alleged in the Complaint to support a claim for attorney fees under O.C.G.A. § 13-6-11. However, this claim fails because there is a bona fide controversy regarding liability in this matter. Additionally, as discussed above, there is no evidence of bad faith, conscious wrongdoing, or ill will by the Defendants in the underlying accident. On the contrary, the subject incident occurred following the alleged failure of brakes in Defendant AK's truck, even though the vehicle passed its annual inspection only three days before the incident, and despite passing Defendant Bethea's pre-trip inspection. Defendant AK acted reasonably by performing these inspections, and it

was reasonable for Defendant AK to use a vehicle that passed the inspections. Plaintiff cannot now argue that Defendant AK acted in bad faith in the underlying incident in order to recover attorney fees. Accordingly, Defendant AK requests that the Court dismiss Plaintiffs' claims for attorney fees.

### III.  Conclusion

Georgia law is clear that gross negligence is insufficient to state a claim for punitive damages. Moreover, a plaintiff must prove by clear and convincing evidence that he is entitled to punitive damages.  Particularly when viewed against this heightened evidentiary standard, there are no facts to support a claim for punitive damages as to Defendant AK.  There is no evidence Defendant AK acted negligently, much less with the requisite culpability required under O.C.G.A. § 51-12-5.1. Accordingly, Defendant AK is entitled to judgment as a matter of law as to Plaintiffs' claim for punitive damages.

Additionally, Plaintiffs' claim for attorney's fees under O.C.G.A. § 13-6-11 is without merit and Defendant AK is entitled to judgment as a matter of law as to this claim as well.

WHEREFORE, having moved this Court for summary judgment, Defendant AK Creation, LLC respectfully requests this Court GRANT its Motion for Partial Summary Judgment.

Respectfully submitted, this the 24th day of July, 2023.

                                                **COPELAND, STAIR, VALZ & LOVELL, LLP**

| | |
|---|---|
| 191 Peachtree Street NE, Suite 3600 | By:   */s/ Michael J. Yates, Jr.* |
| P.O. Box 56887 (30343-0887) | RYAN D. DIXON |
| Atlanta, Georgia 30303-1740 | State Bar No.: 859300 |
| Phone: 404-522-8220 | MICHAEL J. YATES, JR. |
| Fax: 404-523-2345 | STATE BAR NO.: 708897 |
| rdixon@csvl.law | *Counsel for Defendants AK* |
| mjyates@csvl.law | *Creation, LLC and Progressive Southeastern Insurance Company* |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing ***Defendant AK Creation LLC's Brief in Support of Defendant AK Creation LLC's Motion for Partial Summary Judgment as to Plaintiffs' Claims of Punitive Damages and Bad Faith Damages*** upon the following persons by filing same with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of the filing to the following attorneys:

This 24th day of July, 2023.

Bartlett Benton
BENTON & BENTON, LLC
218 Alcovy Street
Monroe, Georgia 30655
*Attorney for Plaintiff*

Jason Fletcher
FLETCHER LAW, LLC
320 East Clayton Street, Suite 408
Athens, Georgia 30601
*Attorney for Plaintiff*

Kevin T. Shires
Loren A. Rafferty
SHIRES, PEAKE & GOTTLIEB, LLC
284 N. Main Street
Alpharetta, GA 30009
*Counsel for Defendant Edward Bethea*

|  | **COPELAND, STAIR, VALZ & LOVELL, LLP** |
|---|---|
| 191 Peachtree Street NE, Suite 3600<br>P.O. Box 56887 (30343-0887)<br>Atlanta, Georgia 30303-1740<br>Phone: 404-522-8220<br>Fax: 404-523-2345<br>rdixon@csvl.law<br>mjyates@csvl.law | By:   */s/ Michael J. Yates, Jr.*<br>RYAN D. DIXON<br>State Bar No.: 859300<br>MICHAEL J. YATES, JR.<br>STATE BAR NO.: 708897<br>*Counsel for Defendants AK Creation, LLC and Progressive Southeastern Insurance Company* |