```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF GEORGIA
                    ATHENS DIVISION
```

| | |
|---|---|
| LYNN BROOKS and BETSY BROOKS,   * | |
| Plaintiffs,   * | |
| vs.   * | |
| AK CREATION, LLC, EDWARD   * | CASE NO. 3:22-CV-103 (CDL) |
| BETHEA, and PROGRESSIVE | |
| SOUTHEASTERN INSURANCE CO.,   * | |
| Defendants.   * | |

O R D E R

This action arises from a motor vehicle wreck. At the time of the collision, Edward Bethea, while driving a tractor trailer owned by his employer, AK Creation, LLC, allegedly ran a red light due to defective brakes on the tractor and trailer, and he collided with a vehicle driven by Lynn Brooks. Brooks suffered injuries from the wreck, and his wife Betsy experienced a loss of consortium. Plaintiffs sued Bethea and AK Creation. Presently pending before the Court is AK Creation's motion for summary judgment on Plaintiffs' claims for punitive damages under O.C.G.A. § 51-12-5.1(b) and attorney's fees under O.C.G.A. § 13-6-11. As discussed below, the partial summary judgment motion (ECF No. 16) is granted.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

FACTUAL BACKGROUND

Angel James owned a trucking business called AK Creation, LLC. She started the company in December 2021 and purchased one tractor and trailer. James's friend, Lawrence Oliver, helped James with several aspects of her trucking business, including taking the truck to get it inspected and recommending Edward Bethea as a driver. AK Creation hired Bethea as its driver in early 2022. Bethea had a valid commercial driver's license with no restrictions. Before he was hired, Bethea submitted his motor vehicle report to AK Creation; it revealed one prior wreck in his personal vehicle but no other issues.

2

Bethea complained to Oliver about the tractor-trailer's brakes two or three times. On March 2, 2022, Oliver took the vehicle to be inspected by Stephano Brown of B&J Tire Services, LLC. The inspection report stated that the vehicle passed all the inspection items for the annual vehicle inspection, and in the "Brake System" section, all the components were marked "OK."[1] Def.'s Mot. Summ. J. Ex. B, Annual Vehicle Inspection Report (Mar. 2, 2022), ECF No. 16-3. The wreck with Brooks happened three days after the inspection, on March 5, 2022. Plaintiffs assert that Bethea ran a red light because the tractor and trailer had defective brakes. Plaintiffs did not point to any evidence that AK Creation learned during the three days between the inspection and the wreck that the truck needed any repairs or maintenance. After the wreck, the Georgia Department of Public Safety determined that two brakes on axle 1 of the tractor, one brake on axle 3 of the trailer, and one brake on axle 4 of the trailer were inoperative. Pls.' Resp. to Def.'s Mot. Summ. J. Ex. C, Vehicle Examination Report, ECF No. 17-3.

## DISCUSSION

Plaintiffs assert claims against AK Creation under a theory of respondeat superior liability, and they contend that they are entitled to recover punitive damages and expenses of litigation

---

[1] Plaintiffs emphasize that James did not have the vehicle inspected when she first purchased it, but they do not dispute that the vehicle was inspected three days before the wreck with Brooks.

from AK Creation.  AK Creation seeks summary judgment on the claims for punitive damages and expenses of litigation.

In Georgia, an employer may be liable for punitive damages arising from the acts or omissions of its employee if the employee's "tortious conduct is committed in the course of the employer's business, within the scope of the employment, and is sufficient to authorize a recovery of punitive damages."[2]  *Atl. Star Foods, LLC v. Burwell*, 889 S.E.2d 202, 207 (Ga. Ct. App. 2023).  Punitive damages are authorized if the challenged "actions showed either wantonness or that entire want of care which would raise the presumption of conscious indifference to consequences."  *Id.*  According to Plaintiffs, Oliver was an "employee" of AK Creation who learned from Bethea that there were issues with the vehicle's brakes but never had them fixed.

It is undisputed, at least for purposes of this motion, that Bethea told Oliver that there were problems with the brakes.  Three days before the wreck, Oliver had the vehicle inspected, and the inspector issued a written report stating that the brakes were "OK."  Annual Vehicle Inspection Report.  While there is a genuine fact dispute on whether the brakes were defective on the date of the wreck given that a post-wreck inspection revealed several defective brakes on the vehicle, Plaintiffs pointed to no evidence

---

[2] This is a diversity action, so Georgia substantive law applies.  *E.g., Esfeld v. Costa Crociere, S.P.A.*, 289 F.3d 1300, 1306 (11th Cir. 2002).

4

that Oliver doubted the veracity of the March 2 inspection report. Plaintiffs also did not point to any evidence that there were any reports of brake problems between the date of the inspection and the date of the wreck.  Thus, pretermitting whether Oliver should be considered an "employee" of AK Creation, the Court is not convinced that a jury could conclude based on the present record that Oliver's actions showed wantonness or conscious indifference to the consequences.  Accordingly, AK Creation cannot be vicariously liable for punitive damages arising from Oliver's actions.

For the same reasons, the present record would not permit a jury to award litigation expenses under O.C.G.A. § 13-6-11. O.C.G.A. § 13-6-11 permits a plaintiff to recover litigation expenses if the defendant acted in bad faith in the underlying transaction.  *Nash v. Reed*, 825 S.E.2d 853, 856 (Ga. Ct. App. 2019).  If there is no evidence to support a finding of bad faith, then summary judgment is warranted on a claim under O.C.G.A. § 13-6-11. Here, Plaintiffs contend that AK Creation acted in bad faith because it decided to put its vehicle on the road despite Bethea's past reports of brake problems.  As noted previously, it is undisputed that AK Creation had the vehicle inspected three days before the wreck and that the brakes passed the inspection. Plaintiffs pointed to no evidence of any reports of brake problems

between the date of the inspection and the date of the wreck.  This evidence would not permit a jury to find bad faith.

## CONCLUSION

For the reasons set forth above, the Court grants AK Creation's partial summary judgment motion (ECF No. 16). Plaintiffs shall not be permitted to recover punitive damages or O.C.G.A. § 13-6-11 litigation expenses from AK Creation.

IT IS SO ORDERED, this 2nd day of October, 2023.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA